## CARLTON RUSSELL EGGLESTON *v.* STATE OF MARYLAND

[No. 274, September Term, 1967.]

*Decided May 6, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON,. MORTON, ORTH, and THOMPSON, JJ.

*Millard S. Rubenstein,* with whom was *Roland Walker* on the brief, for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Hilary D. Caplan* and *Charles A. Herndon, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On May 19, 1967, the appellant, Carlton Russell Eggleston, was convicted of statutory rape in the Criminal Court of Baltimore by a jury, Judge Albert L. Sklar presiding. A ten year sentence was imposed, to be carried out under the jurisdiction of the Maryland Department of Correction. From the judgment rendered, appellant raises the following contentions on appeal:

1. That the court erred in instructing the jury that ignorance of the age of the prosecuting witness was no defense.
2. That the court erred in declining to instruct the jury that the State must prove intent.

The record discloses that on the evening of November 5, 1966, the prosecutrix, Hazel Wood, age 12, attended a party at a girl friend's house. She testified that the party broke up at approximately 9:35 p.m. and that she and her friend, Nancy Jackson, age 15, started walking home together. They passed a bar in front of which appellant and his brother were standing, and Nancy introduced Hazel to the boys. Appellant had been at the party though Hazel did not know him. The girls continued on, walking by themselves, until they reached a nearby filling station were Nancy used the bathroom. Afterwards, Hazel, walking 20-30 feet behind Nancy, was accosted by appellant and his brother. She testified that appellant put one hand over her mouth and the other around her waist, telling her to keep quiet and to cooperate. He pulled her down an alley and into a vacant house, where he told her that if she did not keep still he would kill her. He then had sexual relations with her, as did his brother, after which they climbed out of the house leaving her behind. The prosecutrix notified her mother of the incident when she arrived home at about 11:00 p.m. and they called the police. Shortly thereafter, Hazel, accompanied by the police, directed them to the vacant house where they found her panties.

Dr. George Wells, the examining doctor for the Baltimore Police Department, testified that he examined the prosecuting witness at 2:00 a.m. on the morning of November 6, 1966; that she had been virginal before this incident; that there had been forcible penetration, evidenced by the torn hymen; and that there were no lacerations on her body.

Appellant testified, on his own behalf, that he was never in a vacant house with the prosecutrix, and that he never had sexual relations with her.

The court did not err in instructing the jury that ignorance of the age of the prosecuting witness was no defense. Appellant rests his contention on testimony elicited from a girl friend that the prosecuting witness told her she was fifteen, and that she associated with an older crowd. However, the generally accepted state of the law as set out in *Wharton's Criminal Law,* Anderson, Volume 1, Section 321, p. 662-663 (1957), fails to vindicate appellant's proposition:

> "It is no defense that the defendant did not know that the female was under the statutory age of consent. It is immaterial that the defendant in good faith believed that the female was above the prohibited age; that his belief, though erroneous, was reasonable; or that the defendant had been misled by the appearance or statements of the female.
>
> "The defendant acts at his peril that the female may in fact be under the age of consent. The fact that the defendant cannot assert as a defense his bona fide belief in the victim's age does not make unconstitutional the statutes under consideration."

Appellant relies on *People v. Hernandez,* 393 P. 2d 673 (1964), which held that the reasonable belief that the girl was over the age of consent was a defense to a prosecution for statutory rape. However, in 8 A.L.R. 3d p. 1102, the annotation, citing numerous jurisdictions, indicates that until the *Hernandez* case it was the universally accepted view of the courts in this country that defendant's knowledge of the age of the woman was not an essential element of the crime of statutory rape and that, therefore, it was no defense that the accused reasonably believed her to be of the age of consent.

In addition, the facts in the *Hernandez* case make it clearly distinguishable from the case at bar. There the girl testified she told the defendant she was sixteen, although it appeared that she was under sixteen. She had been living with the de-

fendant for approximately a month prior to his arrest, and before that time had been living with another man.

We find no merit to appellant's second contention. His argument stems from the use of the word "feloniously" in the indictment, which he alleges necessitates proof beyond a reasonable doubt that he intended to carnally know a female under the age of fourteen.

The word "felonious" is generally employed to classify offenses and is not a distinct element of the crime. It is said to be descriptive of the grade of the offense rather than the criminal act which constitutes the offense. See *Harris v. State,* 313 S. W. 2d 664, 669 (1958). A similar explanation is provided in *Hochheimer's Law of Crimes & Criminal Procedure,* 2nd Edition (1904), at page 124. "Certain words are appropriated to the description of particular offenses and grades of offenses; no other words will supply their place. In indictments for felony, the word "feloniously" is ordinarily necessary." [1]

In *State v. Judd,* 109 N. W. 892 (1906), the Court, concerned with a similar problem, stated, and we concur, that the word "feloniously" as employed in the indictment imparted no more than that the act charged was a felony, "and that since it was not descriptive of what is legally essential to the charge in the indictment, the word may be rejected as surplusage." The indictment utilized "feloniously" merely as a descriptive term and in no way bound the State to prove intent, especially in view of the fact that intent is not a required element for the crime of statutory rape.

*Judgment affirmed.*

---

**1.** Rule 712 b now permits the use of the word "unlawfully" and provides that such term "shall cover both a felony and a misdemeanor and it shall not be necessary to use the word 'feloniously' in charging an offense."