Richard **BELBIN**, Petitioner-Appellant,

v.

Philip J. **PICARD**, Respondent-Appellee.

Misc. No. 535.

United States Court of Appeals,
First Circuit.

Submitted Dec. 21, 1971.

Decided Feb. 2, 1972.

Walter Powers, Jr. Boston, Mass., for applicant on application for certificate of probable cause and memorandum in support thereof.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

On July 30, 1971, petitioner Belbin sought a writ of habeas corpus in the district court. He alleged that he had been convicted in the Massachusetts Superior Court of second degree murder upon a plea of guilty, but that his plea had not been voluntary, principally because of improper representation by counsel. Petitioner alleged that he had exhausted his state remedies by filing a petition for a writ of error in the state court. At a hearing before a magistrate, however, it appeared that while a single justice of the Supreme Judicial Court had filed a memorandum presaging a dismissal of the petition for lack of any constitutional error, no final order had been entered, let alone any appeal taken. The magistrate accordingly recommended that the federal habeas petition be dismissed for failure to exhaust state court remedies, and it was so dismissed by the district court.

Thereafter petitioner moved for reconsideration. The district court referred the case back to the magistrate by an order which the magistrate apparently construed as demanding consideration of the merits. On October 18, the magistrate submitted a further memorandum, again recommending that the petition be dismissed for failure of exhaustion, but also finding it to be without merit. On the same day the district court ordered the dismissal. Petitioner appealed, and in connection therewith

sought of the district court a certificate of probable cause. On October 21, final judgment was entered in the state court dismissing his petition. The district court thereafter denied the certificate because of petitioner's failure to appeal the single justice's order to the full court, and because "no circumstances excusing failure to exhaust state remedies have been asserted." A certificate is now asked of us.

■■ As of the date he filed his application in the federal court petitioner still had open to him remedies in the state court. We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously, except in the unusual circumstance that the state court proceeding is not going ahead. Nor is counsel's present suggestion that the full court usually affirms single justice decisions a conceivable excuse for not exhausting rights by way of appeal. Boyd v. Oklahoma, 10 Cir., 1967, 375 F.2d 481; see Lucas v. People, 6 Cir., 1970, 420 F.2d 259. We recognize a limited exception where a particular question of law has already, and recently, been decided, see, e.g., Walsh v. Picard, 1 Cir., 1969, 446 F.2d 1209, 1210 n. 2, but that is not this case. No such circumstances are alleged here. The district court acted correctly in dismissing.

■■ If we are right in assuming that as of now petitioner no longer, because of his failure to appeal the single justice's ruling, has available any state court remedy, it is permissible for him to file a new petition. United States ex rel. McBride v. Fay, 2 Cir., 1966, 370 F. 2d 547, 549; Puckett v. Ellis, E.D. Texas, 1958, 157 F.Supp. 923, 928–929. We do not, however, approve of the practice of some other circuits permitting him to amend his original complaint. See Bell v. Alabama, 5 Cir., 1966, 367 F.2d 243,

cert. denied 386 U.S. 916, 87 S.Ct. 859, 17 L.Ed.2d 788. It is the availability of state remedies at the time the application is filed, not when it reaches us on appeal, that is determinative of the question of exhaustion. Fay v. Noia, 1963, 372 U.S. 391, 399, 83 S.Ct. 822, 9 L.Ed.2d 837. Any other rule would only encourage prisoners to bring federal writs prematurely, counting on opportunity to amend later. We do not wish our district court files cluttered with improvident actions. We will not presently decide what will be in this case, if petitioner files a new petition, a sufficient showing that his loss of his state court remedies was not deliberate. Fay v. Noia, ante at 439, 83 S.Ct. 822. One thing is plain. Federal habeas corpus was not provided to permit forum shopping. The reverse is the clear intendment of 28 U.S.C. § 2254, as amended in 1966.

■ We make one final observation. It may be gathered from the file that counsel representing a local defenders' committee, brought the original petition in the district court somewhat against his will and out of a supposed obligation to assist prisoners who cannot afford counsel to do what the prisoner wants and feels should be done. We have commented before that the right to counsel is not a right to demand that counsel seek what counsel knows, because of his legal wisdom, the prisoner is not entitled to. United States v. O'Clair, 1 Cir., 1971, 451 F.2d 485. Exclusive of the present meritless request for a certificate requiring the time of three judges of this court, petitioner has had two magistrate hearings, resulting in two lengthy memoranda, and has called for four actions of the district judge. Even as a supposed favor to the prisoner, counsel's readiness to seek federal relief was misplaced.

The certificate is denied.