Sammie L. NELSON, Petitioner-Appellant,

v.

John MORIARTY, Superintendent of Massachusetts Correctional Institution at Walpole, Massachusetts, Respondent-Appellee.

Misc. No. 73–8048.

United States Court of Appeals, First Circuit.

Submitted Aug. 21, 1973.

Decided Sept. 20, 1973.

Sammie L. Nelson, pro se on application for certificate of probable cause and petition for emergency relief.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Petitioner, Sammie L. Nelson, is presently confined at the Massachusetts Correctional Institution, Walpole, Massachusetts, on, *inter alia*, a sentence for rape and abuse of a child (statutory rape). This is an application for a certificate of probable cause, the district court having dismissed Nelson's petition for a writ of habeas corpus on an opinion by a magistrate, and refused a certificate. Petitioner has also moved for emergency relief consisting of an order that the district court conduct an evidentiary hearing on petitioner's claim that he was denied effective assistance of counsel at his trial, and an order that he be provided with an investigator to assist him in producing exculpatory witnesses for the hearing.

Petitioner claims that his honest belief that the prosecutrix of the statutory rape charge was over sixteen years of age should constitute a defense, of constitutional dimensions, to statutory rape. The effect of *mens rea* and mistake on state criminal law has generally been left to the discretion of the states. *See, e. g.,* Powell v. Texas, 392 U.S. 514, 535–536, 88 S.Ct. 2145, 20 L. Ed.2d 1254 (1968); Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 2 L. Ed.2d 228 (1957); Packer, Mens Rea and the Supreme Court, 1962 Sup.Ct. Rev. 107. The Supreme Court has never held that an honest mistake as to the age of the prosecutrix is a constitutional defense to statutory rape, *see, e. g., id.* at 140–41, and nothing in the Court's recent decisions clarifying the scope of procreative privacy, *see, e. g.,* Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L. Ed.2d 147 (1973); Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); Stanley v. Georgia, 394 U.

S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), suggests that a state may no longer place the risk of mistake as to the prosecutrix's age on the person engaging in sexual intercourse with a partner who may be young enough to fall within the protection of the statute. Petitioner's argument is without merit.

■ We agree with the magistrate that petitioner's allegations that the trial court admitted various allegedly unreliable, hearsay, or irrelevant testimony do not raise due process issues of constitutional magnitude and do not entitle petitioner to habeas corpus relief. We similarly agree that petitioner has not exhausted available state remedies with respect to other claims of prejudicial action by the prosecutor.

The only claim that may merit further discussion is petitioner's allegation that he was denied effective assistance of counsel. This claim also forms the basis of petitioner's motion for emergency relief, since this relief would consist essentially of ordering a hearing on this aspect of petitioner's habeas corpus claim and assisting him in its presentation. Petitioner alleges that his counsel failed to confer with him adequately before trial and failed to conduct an adequate investigation, and that therefore petitioner was unable to call certain exculpatory witnesses.

■■ In order to be granted federal habeas corpus relief, it is elementary that the petitioner must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The ineffective assistance of counsel claim was heard before a Special Master appointed by the Massachusetts Supreme Judicial Court; the Special Master filed a report recommending that the judgments be affirmed; and the report was confirmed by a single justice of the Supreme Judicial Court. Petitioner has filed a timely claim of exception and bill of exceptions, and it appears that the matter is presently before the Supreme Judicial Court. Ordinarily, this pendency of the state appeal would end our inquiry, since while the claim is still being heard in the state courts this court will not entertain the same claim on habeas corpus in the absence of unusual circumstances. "We cannot too strongly condemn the practice of proceeding with post trial relief in two courts simultaneously, except in the unusual circumstance that the state court proceeding is not going ahead." Belbin v. Picard, 454 F.2d 202, 204 (1st Cir. 1972). Moreover, appeal from the decision of a single justice to the full Supreme Judicial Court is ordinarily required for exhaustion. Id.

■ Petitioner claims, however, that further pursuit of this state appeal would be futile. At the hearing before the Special Master, petitioner allegedly was inadequately represented by counsel, in that his counsel failed to secure the presence of the same exculpatory witnesses which his prior counsel also failed to produce at the original trial. The Special Master allegedly relied in large part on the absence of these witnesses in making his findings. Petitioner claims that review of these findings by the Supreme Judicial Court will thus be fruitless since only a full rehearing, with adequate counsel, will bring out the testimony of these witnesses and prove petitioner's claim.

Petitioner does not state what issues *are* being raised in his state appeal. Presumably he could present the issue of inadequate representation of counsel at the Special Master's hearing, or such possible defects as failure to grant continuances necessary to secure the presence of witnesses, to the full Supreme Judicial Court. *See, e. g.*, Mass.Gen.L. c. 211 § 5; c. 211 § 3; Buchanan v. O'Brien, 181 F.2d 601 (1st Cir. 1950). Moreover, even if these issues have not as yet been raised the Supreme Judicial Court has broad powers to allow new exceptions to be raised. *See, e. g.*, Mass. Rules of Court 2:35, 351 Mass. 731, 764 (1967); Mass.Gen.L. c. 211 § 3. If these issues are or could be raised on petitioner's appeal, moreover, the appeal would not be futile since it could result in a rehearing, which, barring a third

recurrence of petitioner's putative misfortune with counsel, would be as likely to vindicate petitioner's claim as the federal court. Thus, petitioner has given no reason why pursuing his claim in the Supreme Judicial Court would be impossible, or if possible, why it would indeed be futile. Petitioner has not satisfied his exhaustion requirement, and has not stated facts sufficient to justify a relaxation of the requirement on grounds of the futility of exhaustion.

The certificate of probable cause is denied, and the motion for emergency relief is denied.