[No. 2720-1.    Division One.    November 25, 1974.]

THE STATE OF WASHINGTON, *Respondent,* V. GREGORY LEE RANDOLPH, *Appellant.*

*Robert W. Ferguson,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *James Lamont, Deputy,* for respondent.

SWANSON, C.J.—QUAERE: Is a reasonable and good faith —although mistaken—belief that the consenting female was 18 years of age or over a defense to a charge of carnal knowledge? The trial court said "No," rejecting the proffered defense, and found Gregory Lee Randolph guilty.[1] He appeals on the sole basis of the trial court's refusal to consider the defense of a good faith belief that the prosecutrix was over the age of consent.

Appellant points out that his claim of error presents a matter of first impression in the appellate courts of this state and urges us to depart from the traditional and almost uniform rule that reasonable mistake as to the age of the victim of statutory rape is not a defense to a prosecution for that crime. Although a few jurisdictions in this country

[1] In addition to being charged and found guilty of carnal knowledge in violation of RCW 9.79.020, Gregory Lee Randolph was also charged with accepting the earnings of a common prostitute, and assault in the third degree. After a trial to the court without a jury, Randolph was found guilty of all three offenses but appeals only the carnal knowledge conviction.

have adopted statutes recognizing such a defense, the general rule to the contrary was uniformly followed by the courts of this nation until the decision in *People v. Hernandez*, 61 Cal. 2d 529, 393 P.2d 673, 39 Cal. Rptr. 361 (1964), which overruled prior California decisions and held that in the absence of a legislative direction otherwise, the reasonable belief that the prosecutrix was over the age of consent is a defense to a prosecution for statutory rape. *See* Annot., 8 A.L.R.3d 1100 (1966). Thus, the *Hernandez* court, which placed considerable reliance upon opinions of scholars who have criticized the "strict liability" rule generally applied in cases of carnal knowledge, rejected the notion that the protection of society, the family, and the infant, required, as a matter of sound public policy, the elimination of criminal intent as a defense in such cases.

Appellant has failed to cite any decision from a jurisdiction other than that of the state of California wherein a court has adopted the rule stated in *Hernandez* and, in the absence of an appropriate affirmative statutory change by our state legislature, we decline the invitation to be the first jurisdiction to do so. Indeed, it appears that every jurisdiction which has had the opportunity to consider the *Hernandez* rule has likewise rejected it. *State v. Silva*, 53 Hawaii 232, 491 P.2d 1216 (1971) (*but see* dissenting opinion, *contra*); *Kelley v. State*, 51 Wis. 2d 641, 187 N.W.2d 810 (1971); *Commonwealth v. Moore*, 359 Mass. 509, 269 N.E.2d 636 (1971); *State v. Vicars*, 186 Neb. 311, 183 N.W.2d 241 (1971); *State v. Superior Court*, 104 Ariz. 440, 454 P.2d 982 (1969); *State v. Moore*, 105 N.J. Super. 567, 253 A.2d 579 (1969); *People v. Doyle*, 16 Mich. App. 242, 167 N.W.2d 907 (1969); *State v. Morse*, 281 Minn. 378, 161 N.W.2d 699 (1968); *State v. Fulks*, 83 S.D. 433, 160 N.W.2d 418 (1968); *Eggleston v. State*, 4 Md. App. 124, 241 A.2d 433 (1968). *See Nelson v. Moriarty*, 484 F.2d 1034 (1st Cir. 1973).

It may well be the case, as the court stated in *People v. Doyle, supra*, that "[c]urrent social and moral values make more realistic the California view that a reasonable and honest mistake of age is a valid defense to a charge of

statutory rape . . ." *People v. Doyle, supra* at 243. Nevertheless, statutory rape or carnal knowledge as proscribed in RCW 9.79.020 is a recognized judicial exception to the general rule that a mistake of fact is a defense to a criminal charge. We therefore disagree with the view expressed in *Hernandez* that such exception may not be sustained except by legislation so directing; rather, we believe the converse, that the exception must be sustained unless the legislature decides otherwise. As the court in *State v. Superior Court, supra,* stated at page 443, "We do not think the predatory nature of man has changed in the last decade. If mistake of fact is to be the standard of permissive conduct, the legislature is the appropriate forum to indulge in that decision."

In light of the foregoing, there can be no doubt as to the proper interpretation to be given our state carnal knowledge statute, RCW 9.79.020, which provides in part:

> Every male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, and every female person who shall have sexual intercourse with any male child under the age of eighteen years, not her husband, shall be punished as follows:
>
> . . .
>
> (3) When such act is committed upon a child of fifteen years of age and under eighteen years of age, by imprisonment in the state penitentiary for not more than fifteen years.

In Laws of 1919, ch. 132, § 1, p. 368, the state legislature amended the above-quoted statute by omitting "and of previously chaste character" after the words "under eighteen years of age" in subdivision (3). Accordingly, our state Supreme Court in *State v. Linton*, 36 Wn.2d 67, 216 P.2d 761 (1950), stated at pages 86-87:

> From 1909 to 1919, there was a reference to chaste character in the rape statute, although with respect to the punishment only. . . .
>
> . . .
>
> Evidence as to previous chaste character was, therefore, directly pertinent in prosecutions under the 1909

statute. In 1919, the legislature reenacted and amended the 1909 statute, retaining subsection 3, above quoted, except that it omitted those words ["and of previously chaste character"]. Laws of 1919, chapter 132, p. 368. But it is not pertinent to any issue under the statute now in force, which is the statute of 1919.

In the most recent amendment, Laws of 1973, 1st Ex. Sess., ch. 154, § 123, the legislature omitted the words originally in the first paragraph of the statute "have sexual intercourse with" which followed "every female person who shall" and substituted "carnally know and abuse." Significantly, although the legislature has amended RCW 9.79.020 on several occasions, it has not seen fit to require that an element of criminal intent be proven by the State in the prosecution of one accused of violating the statute. We must presume that the legislature is aware of the general view discussed herein that legislation such as RCW 9.79.020 does not leave room for the possible defense of reasonable mistake of fact by the accused as to the victim's age, and therefore the failure of the legislature specifically to depart from the view makes it inappropriate for us to do so. The state of the law in Washington on this subject is quite literally the same as it was when our state Supreme Court observed in *State v. Melvin*, 144 Wash. 687, 258 P. 859 (1927) at page 690, "What the legislature has virtually said by this statute . . . is, that the male or female, as the case may be, who is prosecuted, is guilty, where the other one involved in the transaction is under the age of eighteen years . . ." For the reasons stated, the trial court correctly refused to consider appellant's defense insofar as it was based upon an asserted mistake of fact as to the victim's age.

Judgment affirmed.

HOROWITZ and JAMES, JJ., concur.

Petition for rehearing denied December 12, 1974.

Review denied by Supreme Court February 25, 1975.