740 P.2d 1039

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dwayne Noble BANKS, Defendant-Appellant.**

**No. 16524.**

Court of Appeals of Idaho.

June 17, 1987.

Van G. Bishop, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Dwayne Banks was arrested and charged with rape by means of force. At trial, just before resting the state's case, the prosecutor moved to amend the Information to reflect that the victim was fifteen years old. The amendment was allowed. Thereafter, the jury found Banks guilty of statutory rape, I.C. § 18–6101(1). Banks appeals, contending the trial court erred by permitting the Information to be amended. We hold that the court did not err. We affirm the judgment.

Early one evening, a fifteen-year old female acquaintance accompanied Banks to his residence. Later, at about midnight, she walked to a nearby grocery store, where she phoned the police to report that she had been raped by Banks. Friends transported her to a hospital for examination. That examination provided evidence of intercourse within the preceding few hours. The state charged Banks with "forcible rape," and alleged he did:

willfully, knowingly, intentionally, unlawfully and feloniously accomplish an act of sexual intercourse with [the victim] who was not said defendant's wife, and did accomplish said act with said female who resisted, but her resistance was overcome by force or violence, to-wit: choking her around the neck.

Banks pled not guilty and the case went to trial before a jury. Before closing the state's case-in-chief, the prosecutor moved to amend the Information to include the phrase "of the age of fifteen years," following the victim's name. The motion was granted over Banks' objection. Banks immediately moved for a continuance, but that request was denied by the trial court. The state presented no additional witnesses or evidence after this point in the trial.

The verdict form provided the jury with options of finding the defendant "Not Guilty," "Guilty of Rape as charged in the information," "Guilty of the necessarily included offense of Statutory Rape," or guilty of various other included offenses.[1] The jury found Banks guilty of statutory rape. The trial judge imposed a five-year indeterminate sentence, then suspended the sentence and placed Banks on probation.

Banks contends that the trial court erred by granting the state's motion to amend the Information. As the court recognized, a motion to amend an Information is governed by I.C.R. 7(e), which states:

The court may permit a complaint, an information or indictment to be amended at any time before the prosecution rests

if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

*See also* I.C. § 19–1420. The decision whether to permit amendment of an Information is committed to the sound discretion of the trial court. *State v. LaMere,* 103 Idaho 839, 655 P.2d 46 (1982).

Prior to its amendment, the Information did not state one of the necessary elements of the crime of statutory rape—that of the victim's age. Therefore, Banks presumedly was not on notice that he had been charged with the crime of statutory rape. Banks argues both that the amendment charged an additional offense and that he was prejudiced by impairment of his right to prepare and present his defense. In particular, he contends the belated amendment restricted his opportunity to present his defense by leading him to inappropriately emphasize the element of force during cross-examination of the state's witnesses, and by depriving him of the time necessary to prepare a defense to the sexual intercourse element of the crime charged.

## I

"The case law interpreting Rule 7(e) has generally addressed the question of whether the defendant has been prejudiced by the emendation, rather than the conceptual problem of what constitutes 'an additional or different' offense." *Government of Virgin Islands v. Bedford,* 671 F.2d 758, 765 n. 12 (3d Cir.1982). However, the unitary offense nature of our rape statute has been settled by the Idaho Supreme Court. In a footnote to *State v. LaMere,* 103 Idaho at 842, 655 P.2d at 49, n. 4, the Court announced its agreement with the rule propounded in *People v. Collins,* 54 Cal.2d 57, 4 Cal.Rptr. 158, 351 P.2d 326 (1960). The California court held that the subdivisions of its comparable statute "do not state different offenses but merely define the different circumstances under which an act

---

1. Because on appeal Banks challenges only the permitted amendment of the Information, we do not decide whether statutory rape was properly characterized as a "necessarily included"

offense in the verdict form. *See generally State v. Gilman,* 105 Idaho 891, 673 P.2d 1085 (Ct. App.1983) (on included offenses).

of intercourse constitutes the crime of rape." *Id.* 4 Cal.Rptr. at 160, 351 P.2d at 328. The *Collins* court relied upon a determination made in *People v. Craig*, 17 Cal.2d 453, 110 P.2d 403 (1941), that one act of forcibly raping a minor does not constitute two punishable offenses. Our rape-defining statute is substantively identical to California's former Section 261, *State v. LaMere, supra*, which has since been amended to separate statutory rape from the other offenses. *See People v. Lohbauer*, 29 Cal.3d 364, 173 Cal.Rptr. 453, 456, 627 P.2d 183, 186 (1981).

Idaho Code § 18–6101 defines rape as: "an act of sexual intercourse accomplished with a female under either of the following circumstances," *viz:* (1) Where she is under the age of eighteen years (commonly referred to as statutory rape); (2) Where she does not possess the mental capacity to give legal consent; (3) Where her resistance is overcome by force or violence; (4) Where she is prevented from resisting by threats of harm (accompanied by an apparent power of execution) or by any intoxicating or anesthetic substance administered by the accused; (5) Where she is unconscious of the nature of the act and this is known to the accused; or (6) Where she submits under the belief that the person committing the act is her husband, and the belief is induced by artifice, pretense or concealment practiced by the accused with intent to induce such belief.

■ The statute lists alternative "circumstances" under which a crime of rape may be charged. *State v. Gilman*, 105 Idaho at 894, 673 P.2d at 1088, n. 1. We believe our legislature, like California's, meant to put beyond doubt that proof of the various circumstances mentioned would establish the crime of rape. It did not intend to create six different crimes. *See People v. Craig, supra.*

Although statutory rape, unlike forcible rape, is not subject to a minimum confinement period before parole eligibility, *see* I.C. § 20–223, *see also State v. Gilman, supra*, we do not find this distinction to control the question whether the two constitute different offenses. The legisla-

ture's authority to prescribe parole eligibility is well settled. *See, e.g., Standlee v. State*, 96 Idaho 849, 538 P.2d 778 (1975). With respect to other crimes, the legislature has done so without creating a separate offense. For example I.C. § 20–223 (prior to February 1, 1987) restricted parole for "burglary when armed with a dangerous weapon," although "armed burglary" is not found in the criminal code as an offense separate or independent from burglary *per se.*

■ We conclude that each "circumstance" merely describes an alternative element of the crime of rape, or nonconsensual sexual intercourse. Therefore, for the purposes of Rule 7(e), the amendment to the Information did not charge Banks with an additional or different offense.

## II

■ Alternatively, Banks argues that he was misled by the failure of the original Information to allege the age of the victim. He contends he prepared to defend only to a charge of forcible rape, as defined in subsection (3) of I.C. § 18–6101. He asserts that the belated addition of an allegation directed toward subsection (1) of the statute impaired his defense and thus prejudiced his substantial rights within the meaning of Rule 7(e). The defendant bears the burden of showing prejudice arising from the amendment. *See State v. LaMere, supra. Accord, State v. Fischer*, 40 Wash.App. 506, 699 P.2d 249 (1985) (in circumstances where an amendment to the Information is proper, the burden is upon the defendant to show he will be prejudiced by the amendment).

■ An Information may not merely state the general crime for which a defendant is charged. An Information is legally sufficient only if it contains a plain, concise and definite written statement of the essential *facts* constituting the offense charged, in such a manner as to enable a person of common understanding to know what is intended in the charge. *State v. Owens*, 101 Idaho 632, 619 P.2d 787 (1979); *State v. Darbin*, 109 Idaho 516, 708 P.2d 921 (Ct.

App.1985); *State v. Lenz*, 103 Idaho 632, 651 P.2d 566 (Ct.App.1982); I.C.R. 7(b).

■ "Fairness requires that a criminal defendant be tried only upon charges of which he has notice." *State v. Gilman*, 105 Idaho at 893, 673 P.2d at 1087. Our Supreme Court has held that, to provide a defendant with a statement of the acts constituting the offense for the first time when the trial is in progress, deprives the defendant of the protection which the statutory precursor of I.C.R. 7 was designed to provide, and also denies to him the due process of law guaranteed by art. 1, § 13 of the Idaho Constitution. *State v. McMahan*, 57 Idaho 240, 250, 65 P.2d 156, 160 (1937). An Information must be specific in its content, both to protect the defendant from subsequent prosecution based on the commission of the same act and so the accused has a means to prepare a proper defense. *State v. Gumm*, 99 Idaho 549, 585 P.2d 959 (1978). This requirement is rooted in both state and federal guarantees of due process. *Id.* Thus, the question presented is whether the procedure followed at trial deprived Banks of the means to prepare a proper defense.

In opposition to the motion, and on appeal, Banks argues that the belated amendment denied him a fair opportunity to prepare his defense and to effectively cross-examine the state's witnesses. He argues that, when charged with rape by force, it was only necessary for him to negate the element of force in order to assure an acquittal. Because defense counsel was confident that the victim's uncorroborated testimony regarding force could be successfully impeached, he placed little emphasis upon negating the sexual intercourse element of the crime.

Banks was acquainted with the victim and her family. At the preliminary hearing she testified regarding her age. At oral argument, Banks' counsel admitted to being surprised that the original Information did not address all elements of statutory rape. The state argues that because the age of the victim was revealed at the preliminary hearing and was not contestable, no prejudice resulted from adding this alternative element during the trial. However, Banks counters that—had he been informed the alternative element of age of the victim was to be charged—his preparation and trial strategy would have been designed to more directly confront the evidence of sexual intercourse.

Banks suggests five ways in which his defense to statutory rape was prejudiced by the late-hour addition of the victim's age to the Information: (1) additional investigation would have been conducted to identify possible other sources of semen found in the victim's vagina; (2) objections would have been raised to hearsay corroboration of the victim's claim of intercourse; (3) the defendant would have been better prepared to testify on his own behalf; (4) he would have more vigorously cross-examined the victim; and (5) during cross-examination of the state's witnesses he would not have focused so heavily on rebutting the proof of force.

The motion to amend was granted after the state's last witness was called but before the prosecution rested. To avoid any prejudice, the court offered to permit the defendant to recall the complaining witness. Banks declined and cited strategic problems, including the possible impact of a "more vigorous" attack in contrast with the defense counsel's earlier approach to cross-examination. The court declined to grant the continuance requested by Banks.

At trial, the prosecutor's opening statement addressed only the crime of forcible rape. The state presented testimony from witnesses who observed the victim following the alleged incident; testimony relating to jewelry worn by Banks; reports from police officers who responded to the victim's phone call; testimony from investigators and an examining nurse; and expert testimony regarding the results of the "sex crime kit" analysis. Because the examining nurse found no injury or marks upon the victim's neck, the state's principal evidence of force was supplied by the victim, who testified that the defendant choked her to quiet her.

In cross-examining these witnesses, defense counsel focused upon the time at

which the victim reportedly reached the grocery store, her inconsistent prior statements made to investigating officers, and investigators' discovery of pieces of a broken neck chain allegedly worn by Banks. Extensive cross-examination was conducted only of the victim and the "sex crime kit" analyst. Our review of the record confirms Banks' assertion that during cross-examination he emphasized negating the element of force. We now turn to Banks' claim that the amendment of the Information prejudiced his defense.

Banks argues that, had he been charged with statutory rape prior to trial, he would have conducted additional investigation to obtain evidence in support of his supposition that the victim had intercourse with another individual after she left Banks' home. However, Banks has been unable to indicate what steps would have been taken. At trial, Banks offered no argument in support of his continuance motion, other than to express surprise and to assert a generalized need for more time. He failed then, as he has on appeal, to identify with particularity how such additional time would have been utilized. A bare claim that additional investigation could have been conducted is not sufficient to demonstrate unfair prejudice.

Banks also contends that objections would have been made to "numerous" instances of hearsay corroboration of the victim's claim of sexual intercourse with Banks. However, our examination of the record reveals that in each case the witnesses testified to the effect that the victim stated: "Banks raped me" or "Banks forced me to have sex with him." This evidence appears to have been equally damaging to Banks' denial of forcible rape. Therefore, he had an equal incentive to raise any proper objections when the Information charged only forcible rape. We do not believe Banks was misled to his prejudice by the belated amendment into withholding hearsay objections.

Banks asserts that prior to the amendment he planned to rest his defense primarily upon his anticipated successful impeachment of the victim and was not prepared to testify on his own behalf. However, upon amendment of the Information his strategy changed. He took the stand less than two hours later. He argues that he was prejudiced by the limited time afforded to prepare to testify. But, once again, he fails to indicate what purpose would have been served by additional time. On the stand Banks related his version of the evening's events. He testified that the victim left his residence at eleven o'clock following a misunderstanding regarding her mother. He denied any "advances" and the act of intercourse. We are unable to determine by what means Banks could have been better prepared to testify.

When cross-examining the victim, and apparently in an effort to emphasize inconsistencies between her testimony and the version related to investigating officers, defense counsel led the victim to recount a detailed version of the incident. Our review of the record reveals that conflicts between the victim's original and trial accounts of the alleged intercourse were exposed. The prosecutor responded by moving to add the necessary element to the Information to support a statutory rape conviction. After allowing the amendment, the trial court offered to allow Banks to recall the victim. He declined, contending a "more vigorous" approach would be required and citing a possible negative impact on the jury resulting from this new tactic. However, aside from more directly attacking the victim's claim of intercourse, Banks has suggested no alternative course of action which would have been pursued. During cross-examination counsel apparently succeeded in casting doubt upon the truth of the victim's account, since the jury implicitly rejected some of her testimony by not finding the defendant guilty of forcible rape.

We conclude that placing emphasis upon the force issue in cross-examination did not produce unfair prejudice to Banks. Banks has suggested no reliable defense to the allegation of intercourse. Therefore, a defense to the element of force would have been required even if the victim's age had been alleged in the original Information.

Indeed, a similar emphasis presumably would be necessary if Banks were granted the new trial he now seeks. Banks declined when offered the opportunity to recall this witness. We are not persuaded that Banks was put in an unfair tactical disadvantage position by any increased importance of the intercourse issue.

■ Finally, Banks argues that the delay in adding the victim's age to the Information unfairly led him to focus his case upon the element of force both during preparation and in cross-examination of the other state's witnesses. However, he has suggested no specific changes which would have been made. During cross-examination the allegation of force was attacked. But the timing of the victim's arrival at the grocery store after leaving Banks' home, the inconsistencies in the victim's account of intercourse, and the inconclusiveness of the sex-crime-kit results, were also highlighted. In sum, we hold that Banks has failed to show any unfair prejudice to his substantial rights resulting from the amendment of the Information.

Our holding is consistent with the results reached in *State v. Carrico,* 116 Ariz. 547, 570 P.2d 489 (1977); *State v. Klem,* 108 Ariz. 349, 498 P.2d 216 (1972); and *People v. Brown,* 35 Cal.App.3d 317, 110 Cal.Rptr. 854 (1973). *See also State v. LaMere, supra* (upholding amendment on the eve of trial). In each of those cases the appellate court found that the defendant's prior knowledge of the victim's age was sufficient to remove any unfair prejudice.

> When the information charges rape committed under the circumstances stated in a particular subdivision of [the rape-defining statute] and the prosecution offers proof of different circumstances which bring the act under another subdivision, the accused may be taken by surprise unless before the trial he has received notice of the possibility of such a variance by other means than the information.

*People v. Collins,* 4 Cal.Rptr. at 158, 351 P.2d at 328. *See also State v. Klem, supra.* However, we conclude in this case that Banks' knowledge of the victim's age,

the court's offer to permit recall of the complaining witness, and Banks' inability to specify how the amendment materially impaired his defense, all point to the absence of unfair prejudice.

As noted, when the amendment was allowed, Banks sought a continuance. In support of that request, Banks asserted "surprise" and that he had anticipated the victim's age would be an issue to be debated only during the conference over jury instructions. A movant is required to provide the court with cogent reasons for a continuance. On appeal, Banks avers that these reasons were supplied during his argument in opposition to the motion to amend. As our discussion has revealed, those reasons were not cogent.

■ In some cases continuance may be an appropriate measure to cure any unfair prejudice resulting from Information amendment. *See State v. Gumm, supra. See generally* Annotation, *Continuance—Amendment of Indictment or Information,* 85 A.L.R.2d 1204 (1962). The discretion to grant or deny a continuance may not be exercised in such a manner as to deprive the defendant of a reasonable opportunity to prepare a defense. *People v. Murphy,* 59 Cal.2d 818, 31 Cal.Rptr. 306, 311, 382 P.2d 346, 351 (1963). An amendment of substance carries a corresponding obligation to allow the defense adequate time to prepare an "amended defense." *Id.* However, we have concluded that no unfair prejudice has been shown, even without a continuance. Therefore, we hold that the trial court did not err in denying the continuance motion.

Concluding that the trial judge did not abuse his discretion when granting the motion to amend the Information, we affirm the judgment of conviction.

BURNETT and SWANSTROM, JJ., concur.