**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Eric Eugene BROOKS,
Defendant–Appellant.**

No. 86–1314.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 1987.

Decided Feb. 29, 1988.

H. Dean Steward, and Yvonne Chotzen, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

Mark J. Bennett, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before SCHROEDER,[*] FERGUSON and WIGGINS, Circuit Judges.

PER CURIAM:

In April 1986, appellant Eric Brooks engaged in an act of sexual intercourse with a 15–year–old female on the island of Kwajalein, within the United States Trust Terri-

---

[*] Judge Schroeder was drawn to replace Judge Kennedy. She has read the briefs, reviewed the record and listened to the tape of oral argument held on April 17, 1987.

tory of the Pacific Islands. He was charged with rape, 18 U.S.C. § 2031, and carnal knowledge of a female under the age of sixteen, 18 U.S.C. § 2032. He moved to dismiss the latter charge, or for a judicial declaration that he would be entitled to defend based on reasonable mistake as to the age of the female. After the district court denied his motion, Brooks entered a conditional guilty plea to the carnal knowledge count and appealed to this court.

Brooks contends on appeal that his conviction is invalid under 18 U.S.C. § 2032 because he was not permitted to defend on the ground that he was reasonably mistaken about the age of the female. We hold that section 2032 does not contain a defense for reasonable mistake of age, and that it is not constitutionally required to do so. We therefore affirm Brooks' conviction.

18 U.S.C. § 2032 provides that:

Whoever, within the special maritime and territorial jurisdiction of the United States, carnally knows any female, not his wife, who has not attained the age of sixteen years, shall, for a first offense, be imprisoned not more than fifteen years....[1]

The statutory language is clear: sexual intercourse with a female under sixteen years of age is prohibited. There is no mention of a defense for reasonable mistake of age. Nor does the history of this offense indicate that this court should find an implied element of specific knowledge concerning the victim's age.

When section 2032 and its predecessors were enacted by Congress, originating in an Act of February 9, 1889, ch. 120, 25 Stat. 658, there was no defense of reasonable mistake of age to the charge of statutory rape. When Congress failed to provide for such a defense, we infer that it accepted the established judicial interpretation of the offense of statutory rape.[2] In construing statutes, the Supreme Court has noted "[i]t is always appropriate to assume that our elected representatives, like other citizens, know the law." *Cannon v. University of Chicago*, 441 U.S. 677, 696–97, 99 S.Ct. 1946, 1957–58, 60 L.Ed.2d 560 (1979).

The history of the offense of statutory rape has early beginnings. The crime was created by an ancient English statute prohibiting the "carnal knowledge and abuse" of a female child under ten years of age. R. Perkins, *Criminal Law* 152–53 (2d ed. 1969) (citing 4 W. Blackstone, *Commentaries* *210). Despite its statutory heritage, the offense is generally considered an extension of the common law crime of forcible rape and is itself "old enough to be a part of the common law of this country." Perkins, at 152.

As Congress recognized in a recent overhaul of sexual abuse laws, the common law has not provided a defense of reasonable mistake about age. Sexual Abuse Act of 1986, H.R.Rep. No. 594, 99th Cong., 2d Sess. 6–10 *reprinted in* 1986 U.S.Code Cong. & Admin.News 6186, 6197. Though English courts recognized mistake of fact as a defense in criminal law since 1638, the defense was not discussed in the context of statutory rape until "the latter half of the nineteenth century." Recent Cases, 78 Harv.L.Rev. 1257, 1257 (1965). Neither English nor American courts accepted mistake of fact as a defense to statutory rape at that time. *Id.* Statutory rape in sum has been and is a recognized judicial exception to the general principle that mistake of fact is a defense if it "negatives the existence of a mental state essential to the crime charged." W. LaFave & A. Scott, *Criminal Law* § 47, at 356 (1972). *See, e.g., Nelson v. Moriarty*, 484 F.2d 1034, 1035 (1st Cir.1973); *State v. Superior Court of Pima County*, 104 Ariz. 440, 442, 454 P.2d 982, 985 (1969); *Commonwealth v. Miller*, 385 Mass. 521, 432 N.E.2d 463, 464–65 (1982) ("It has long been the law of this Commonwealth that it is no defense that the defendant did not know that the

---

1. Section 2032 was repealed on November 14, 1986, after the occurrence of all events relevant to this case. Sexual Abuse Act of 1986, 18 U.S.C.A. § 3(a)(1) (West Supp.1987).

2. By contrast, the Sexual Abuse Act of 1986 has added as a defense to a statutory rape charge the defendant's reasonable belief that his or her partner had attained the age of 16 years. Sexual Abuse Act of 1986, 18 U.S.C. § 2243(c)(1) (1987).

victim was under the statutory age of consent.... [The *mens rea* principle] is just that—a general principle, not always a constitutionally mandated doctrine.").

It was not until 1964 that an American court accepted reasonable mistake about age as a defense to statutory rape. *People v. Hernandez,* 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964) (overruling *People v. Ratz,* 115 Cal. 132, 46 P. 915 (1896) and decisions following it); *State v. Randolph,* 12 Wash.App. 138, 528 P.2d 1008, 1009 (1974) (declining "the invitation to be the first jurisdiction to" follow *Hernandez*). Though many commentators on the law noted *Hernandez* with approval, the American courts generally rejected its "invitation." *See, e.g., Superior Court of Pima County,* 104 Ariz. at 442, 454 P.2d at 985 ("[T]he legislature is the appropriate forum to indulge in [the decision whether mistake of age is a defense]."); *Goodrow v. Perrin,* 119 N.H. 983, 403 A.2d 864, 868 (1979) ("[W]e are not concerned with the wisdom of the present law's policy in view of today's sexual mores."). Thus, the majority of our courts that have considered this issue have rejected the reasonable mistake of age defense to statutory rape, absent express legislative directive. Annot. 8 A.L.R.3d 1100.

The decision in *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), upon which Brooks relies, weakens rather than strengthens his position. In that case the Court refused to read a strict liability element into a statute against "knowing conversion" of government property. It did so in large part because of parallel statutory terms against embezzlement, stealing, and purloining, all of which had long contained an element of *mens rea.* The Court held that the statute could not fairly be read to create a strict liability offense under only one of its several parallel prohibitions without saying so explicitly. *Id.* at 261–63, 72 S.Ct. at 248–49. But because statutory rape was universally regarded as a strict liability offense until well into the twentieth century, *Morissette*'s holding that a court must presume that Congress adopts the common meanings of the terms it uses, *Id.* at 263, 72 S.Ct. at 249, fortifies the conclusion we have drawn with respect to the construction of section 2032. *See also United States v. Launder,* 743 F.2d 686, 689 (9th Cir.1984); *Nelson,* 484 F.2d at 1035 ("The effect of *mens rea* and mistake on state criminal law has generally been left to the discretion of the states.").

Brooks suggests that section 2032 violates due process because it imposes strict liability in a fundamentally unfair manner, since he may not have had an opportunity to know the age of the female. No federal court has so held. We see no reason to depart from the observation of the First Circuit which rejected a similar constitutional attack on a state statutory rape law. It stated

> [t]he Supreme Court has never held that an honest mistake as to the age of the prosecutrix is a constitutional defense to statutory rape ... and nothing in the Court's recent decisions clarifying the scope of procreative privacy [citations omitted] suggests that a state may no longer place the risk of mistake as to the prosecutrix's age on the person engaging in sexual intercourse with a partner who may be young enough to fall within the protection of the statute. Petitioner's argument is without merit.

*Nelson* at 1035–36.

AFFIRMED.