763 P.2d 308

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jason Ray STIFFLER,
Defendant–Appellant.**

**No. 17170.**

Court of Appeals of Idaho.

Oct. 11, 1988.
Petition for Review Granted
Nov. 21, 1988.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Susan Buxton, Legal Intern, for plaintiff-respondent.

SWANSTROM, Judge.

Jason Stiffler entered a conditional plea of guilty to statutory rape, reserving his right to challenge on appeal the district court's refusal of his proposed jury instruction on a defense to the crime charged. The sole issue is whether an honest and reasonable mistake of fact as to the victim's age is a defense to the charge of statutory rape. We hold it is not.

The underlying premise of rape laws is the lack of a female's consent to an invasion of her bodily privacy. The prohibition against sexual intercourse with a female minor, I.C. § 18-6101(1), is an attempt to prevent the sexual exploitation of persons deemed legally incapable of giving consent. Notwithstanding this deemed lack of consent in statutory rape, Stiffler contends that a reasonable mistake of fact as to the victim's age should be a defense because it would disprove any criminal intent to engage in non-consensual sexual activity.

The argument for the reasonable mistake defense is based upon I.C. §§ 18-114 and 18-201(1). Section 18-114 provides: "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." Section 18-201(1) provides: "All persons are capable of committing crimes, except those ... [p]ersons who committed the act ... under an ignorance or mistake of fact which disproves any criminal intent." Stiffler contends that under section 18-114 criminal intent is a necessary element of statutory rape, which intent may be disproved under section 18-201(1) through evidence showing

a reasonable mistake of fact. Stiffler further suggests that it would be unconstitutional to impose criminal liability where a reasonable mistake of fact disproves criminal intent. He urges us to adopt the reasoning of *People v. Hernandez*, 61 Cal.2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964), which judicially recognized the reasonable mistake defense to statutory rape.

■ We first address the constitutional issue. An honest mistake as to the age of the victim has never been held to be a constitutional defense to statutory rape. Nor has the United States Supreme Court suggested that a state may no longer place the risk of mistake as to the victim's age on the accused. *United States v. Brooks*, 841 F.2d 268 (9th Cir.1988); *Nelson v. Moriarty*, 484 F.2d 1034 (1st Cir.1973). Rather, the effect of mistake on intent under state criminal law is largely left to the discretion of the states themselves. *Nelson v. Moriarty, supra.*

■ We now examine the effect of sections 18–114 and 18–201(1) on the offense of statutory rape. The "intent" mentioned in section 18–114 is merely the knowing or conscious performance of an act, not an evil motive or criminal intent. *See State v. Taylor*, 59 Idaho 724, 87 P.2d 454 (1939). A reasonable mistake of fact will be a defense only for those persons charged with an offense having criminal intent as an ingredient of the crime. Whether a criminal intent is a necessary element of an offense is a matter of statutory construction. Where such intent is not made an ingredient of an offense, the lack of criminal intent is immaterial. *State v. Sterrett*, 35 Idaho 580, 207 P. 1071 (1922).

■ Under I.C. § 18–6101(1), criminal intent is not a necessary element of statutory rape. The only elements the state must prove are: (1) the conscious performance of sexual intercourse, accomplished with (2) a female under the age of eighteen. Statutory rape is a strict liability offense. Therefore, it is immaterial whether an accused reasonably believes the victim is eighteen years of age or older. *See Commonwealth v. Miller*, 385 Mass. 521, 432

N.E.2d 463 (1982), and authorities cited therein. Accordingly, we hold that a reasonable mistake of fact as to the victim's age is no defense to statutory rape.

We believe *State v. Herr*, 97 Idaho 783, 554 P.2d 961 (1976), supports our decision. There, our Supreme Court addressed the reasonable mistake of fact defense in connection with a charge of lewd and lascivious conduct with a minor. The Court specifically rejected the decision in *People v. Hernandez, supra*, finding more persuasive the line of authority that refused to judicially allow the defense. Further, the Court intimated that sexual offenses against minors are an exception to the general rule that a mistake of fact is a defense to a criminal charge. This exception is based on public policy declaring that minors cannot consent—subjectively or objectively—to unlawful sexual activity.

The *Hernandez* Court judicially approved the defense based, in part, on the doubtful validity of a public policy against the defense because of sexually active adolescents who may not need the law's protection. The *Hernandez* Court also based its decision upon the absence of legislation against such a defense. Interestingly, California courts have expressly refused to adopt the defense espoused in *Hernandez* in cases dealing with charges of lewd and lascivious conduct with a minor. *See People v. Olsen*, 36 Cal.3d 638, 205 Cal.Rptr. 492, 685 P.2d 52 (1984).

We do not find the reasoning in *Hernandez* to be compelling. We believe the public policy exception is better expressed, at least in Idaho, as a recognition that the accused's intent is immaterial to a charge of statutory rape. Furthermore, the Legislature is the proper forum for considering the merits of a "reasonable mistake" defense to statutory rape. *See United States v. Brooks, supra; Commonwealth v. Miller, supra*. Our Legislature at one time adopted the Model Penal Code which included a reasonable mistake defense for statutory rape. *See* 1971 IDAHO SESS. LAWS ch. 143 at 685. However, the entire Code was abruptly repealed through emergency legislation. 1972 IDAHO SESS.

LAWS ch. 109. If the Legislature wanted to retain the defense, it could easily have done so. The absence of specific legislation on the matter is not an invitation to the courts to create a defense.

Lest we sound naive, we do recognize that the justification for preventing the sexual exploitation of minors may diminish where sexually sophisticated adolescents are involved. Though a female adolescent's precociousness may be irrelevant to the charge of statutory rape, we believe such circumstances may properly be considered in imposing punishment. *See, e.g., State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982) (continuous provocative acts of female adolescent considered as mitigative circumstances in modifying sentence for lewd and lascivious conduct). We hold that where factual circumstances warrant, the sentencing court in a statutory rape case may consider the reasonable belief of an accused as a mitigating factor under I.C. §§ 19–2515 and 19–2521. Here, for example, the victim's appearance and the circumstances surrounding the act tended to support Stiffler's claimed mistake as to the victim's age. We note that Stiffler received a withheld judgment and was placed on probation.

We affirm the order granting a withheld judgment of conviction.

WALTERS, C.J., concurs.

BURNETT, Judge, dissenting.

Rape is punishable by imprisonment for life. Today the majority holds that this serious felony has been committed when two persons engage in consensual intercourse and the male is reasonably mistaken in an honest belief that the female is eighteen years of age or older. To the majority, such a reasonable mistake of fact is irrelevant. I respectfully disagree.

The majority opinion invokes a policy of protecting young women from sexual exploitation. I emphatically support that policy. Indeed, the public policy of our state should be to protect all persons from sexual exploitation, regardless of age or gender. But today's case does not present a question of policy. It presents a question of statutory application.

Idaho Code § 18–114 provides that "[i]n *every* crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence." (Emphasis supplied.) Idaho Code § 18–201(1) further provides that no criminal responsibility shall attach to "[p]ersons who committed the act ... charged, under an ignorance or mistake of fact which disproves any criminal intent." These statutes are plain and unambiguous. They make no exception for rape. Neither does any subsection of the rape statute, I.C. § 18–6101, enunciate such an exception. Consequently, the crime of rape under I.C. § 18–6101(1) requires "a union ... of ... intent, or criminal negligence[,]" and the act of having sexual intercourse with a woman less than eighteen years old. A reasonable mistake of fact concerning the woman's age may "[disprove] any criminal intent" or criminal negligence.

Nevertheless, my colleagues refuse to recognize a defense based on reasonable mistake in a statutory rape case. They note that such a defense was specifically mentioned by the Model Penal Code, enacted in 1971 but repealed a few months after it became effective in 1972. They suggest that if the Legislature had desired to establish a reasonable mistake defense, it could have done so at that time. This suggestion begs the underlying question of whether a reasonable mistake defense was already available under I.C. §§ 18–114 and 18–201(1). Moreover, I submit that by enacting and repealing the Model Penal Code *in toto*, the Legislature evinced no particularized intent as to any discrete provision. The Legislature simply changed its mind about a sweeping change in Idaho criminal law, and it reinstated the prior statutes. Two of those statutes, of course, were I.C. §§ 18–114 and 18–201(1).

My colleagues cite several cases from other jurisdictions where a reasonable mistake defense has been rejected. However, in none of those cases did a court discuss statutes similar to I.C. §§ 18–114 and 18–201(1). Rather, each court held that a rea-

sonable mistake defense was not available under the common law or under the federal constitution. But those sources of law are not at issue in this case. We are concerned here with Idaho statutes. The only case mentioned by today's majority, in which a court considered a statute similar to I.C. § 18–114, is *People v. Hernandez*, 61 Cal. 2d 529, 39 Cal.Rptr. 361, 393 P.2d 673 (1964). There, a unanimous California Supreme Court upheld the defense of reasonable mistake.[1]

The majority further relies upon an Idaho case, *State v. Herr*, 97 Idaho 783, 554 P.2d 961 (1976), in which our Supreme Court rejected a reasonable mistake defense in a prosecution for lewd conduct. With due respect, I submit that *Herr* suffers from several maladies. First, the *Herr* opinion states that no jurisdiction other than California has followed *Hernandez*. This statement is of little value because most states do not have statutes like the California counterpart to I.C. § 18–114. In any event, several states (albeit still a minority) have adopted *Hernandez* since *Herr* was decided. *See* Annot., *Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape*, 8 A.L.R.3d 1100 (1966) (including 1988 supplement). The second deficiency in *Herr* is its heavy reliance upon a Washington case, *State v. Randolph*, 12 Wash.App. 138, 528 P.2d 1008 (1974), which rejected a reasonable mistake defense. The *Randolph* decision is inapposite because it contains no discussion of a statute like I.C. § 18–114 or § 18–201(1). Finally, the *Herr* opinion characterizes an earlier Idaho case, *State v. Suennen*, 36 Idaho 219, 209 P. 1072 (1922), as having disapproved of the reasonable mistake defense. In reality, the *Suennen* court expressly declined to decide this issue. The *Suennen* court noted that the defendant, charged with "statutory rape," was given the benefit of a jury instruction recognizing a defense based upon an honest mistake of fact regarding the victim's age. The jury convicted the defendant anyway. The Supreme Court upheld the jury's verdict "[i]n view of that instruction, and the record...." *Id.* at 222, 209 P.2d at 1073.

The instruction given in *Suennen* actually was more favorable to the defendant than required by I.C. §§ 18–114 and 18–201(1). The instruction referred only to an honest mistake, without also requiring the mistake to be reasonable. Nevertheless, *Suennen* illustrated the correct procedure for resolving an issue concerning mistake of fact under I.C. §§ 18–114 and 18–201(1). The issue should be tendered to the jury upon a proper instruction. The jury should decide, in light of all the circumstances, whether the defendant's alleged mistake was subjectively honest and objectively reasonable.[2] I have faith in the ability of jurors to make this determination. Today's majority, however, takes the issue away from Idaho juries.

My colleagues offer two additional rationales for their unfortunate decision. They contend that I.C. §§ 18–114 and 18–201(1) do not require criminal "intent" and that, regardless of these statutes, statutory rape is a "strict liability" offense. I am unable to accept either of these contentions.

On the question of intent, the majority declares that the Idaho statutes require only the "knowing or conscious performance of an act." *Ante* at 937, 763 P.2d at 310. Although there is some authority for this proposition, the better view, I submit,

---

1. The majority attempts to undercut *Hernandez* by noting that the California Supreme Court later declined to apply the reasonable mistake defense in a lewd conduct case. *See People v. Olsen*, 36 Cal.3d 638, 205 Cal.Rptr. 492, 685 P.2d 52 (1984). However, a close reading of that case discloses that the California Legislature had enacted a specific statute eliminating reasonable mistake as a defense, and redefining it as a ground for allowing probation, in lewd conduct cases. Idaho has no such statute modifying the effect of I.C. § 18–114.

2. To state the obvious, an issue of *reasonable* mistake is unlikely to arise unless the female is old enough, and mature enough, to appear eighteen years of age. In the instant case, for example, the magistrate who conducted the preliminary hearing expressed "surprise" at the victim's actual age. If Idaho's age of consent were lower than eighteen, as it is in many other states, the issue of reasonable mistake would arise less frequently.

is that Idaho criminal law requires the union of an act and a culpable state of mind —a mens rea. It requires a criminal intent rather than the mere intent to do a particular act. I recently discussed this requirement, and some of the authorities supporting it, in *State v. McDougall,* 113 Idaho 900, 905, 749 P.2d 1025, 1030 (Ct.App.1988) (concurring opinion). I will not burden the reader by repeating that discussion here.

On the question of "strict liability," I would simply note that the application of this doctrine in criminal law is ordinarily limited to statutes imposing mandatory duties in such areas as economic regulation and social welfare. Examples include statutes prescribing, or authorizing administrative agencies to prescribe, standards for job safety and pollution control. These statutes create new duties; they do not deal with intrinsically bad acts that have long been prohibited as felonies. Rape, including so-called "statutory rape," falls in the latter category. It is an intrinsically bad act condemned throughout history as a felony. Moreover, Idaho's rape statute, I.C. § 18–6101, has been held to establish a single felony which may take various forms depending on the age of the victim, the use of force or threats, and other factors. *State v. Banks,* 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987). It is conceptually unsound to isolate one form of this unified felony and to characterize it as a crime of "strict liability," for which no criminal intent is required.

In the present case, I would allow the defendant to make his claim of a reasonable mistake regarding the age of the young woman with whom he had consensual intercourse. The case should be remanded for a trial at which a properly instructed jury could determine whether an honest mistake truly occurred and, if so, whether it was reasonable. If a jury accepted the defendant's claim, he would not be guilty of rape. However, he still might be found guilty of the lesser crime of fornication. I.C. § 18–6603. *See generally State v. Guest,* 583 P.2d 836 (Alaska 1978). Such a finding would achieve a rational correlation between crime and culpability. It would make greater sense, in my view, than find-ing the defendant guilty of a serious felony punishable by life imprisonment, but then withholding judgment and granting probation in order to avoid injustice.