**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**JUVENILE MALE, Defendant–
Appellant.**

No. 99–30269.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2000*

Filed May 11, 2000

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Daniel Donovan, Assistant Federal Defender, Great Falls, Montana, for the defendant-appellant.

Klaus P. Richter, Assistant United States Attorney, Billings, Montana, for the plaintiff-appellee.

Before: RYMER and T.G. NELSON, Circuit Judges, and BROWNING,** District Judge.

PER CURIAM:

A seventeen year old male, whom we shall call "Doe," appeals his conviction for aggravated sexual abuse under 18 U.S.C. § 2241(c). Doe admits that he had sex with the 11–year old victim but claims that he believed she was over the age of thirteen. Doe argues that the district court incorrectly refused to allow him to present a "mistake of age" defense, claiming both a statutory and constitutional right to do so. We disagree, and affirm.

United States v. Brooks, 841 F.2d 268 (9th Cir.1988), controls. We held that mistake of age was not a defense under the prior version of § 2241(c), 18 U.S.C. § 2032, which prohibited sexual intercourse with a female under the age of sixteen years.[1] We explained that statuto-

---

** Honorable William D. Browning, Senior United States District Judge for the District of Arizona, sitting by designation.

1. 18 U.S.C. § 2032 was repealed on November 14, 1986 but at the time of the offense in *Brooks* provided that:

> Whoever, within the special maritime and territorial jurisdiction of the United States, carnally knows any female, not his wife, who has not attained the age of sixteen years, shall, for a first offense, be imprisoned not more than fifteen years. . . .

ry rape is "a recognized judicial exception to the general principle that mistake of fact is a defense if it negatives the existence of a mental state essential to the crime charged," *id.* at 269 (quotations omitted), and declined to read into the statute a defense for which Congress failed to provide. The statute at issue in *Brooks* was replaced by § 2241(c), which prohibits anyone "from knowingly engag[ing] in a sexual act with another person who had not attained the age of 12 years." In addition, subsection (d) of 18 U.S.C. § 2241 provides that:

> In a prosecution under subsection (c) of this section, the Government need not prove that the defendant knew that the other person engaging in the sexual act had not attained the age of 12 years.

As before, the statutory language of § 2241(c) is clear in prohibiting a sexual act with a person under twelve; similarly, there is no mention of a defense for mistake of age. Therefore, the rationale of *Brooks* applies and leads to the same conclusion, that mistake of age is no defense to a § 2241(c) offense.

■ Nor is the defense constitutionally required to comport with *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952), or due process, as Doe also contends. We considered the same argument in *Brooks,* and rejected it. 841 F.2d at 270.

Doe maintains that *Brooks* was limited by *United States v. United States Dist. Court for Central District of California (Kantor),* 858 F.2d 534 (9th Cir.1988), but *Kantor* involved the First Amendment and was animated by quite different concerns. The defendants there were charged with

violating 18 U.S.C. § 2251(a) (Supp. IV 1986), which prohibited the production of materials depicting a minor engaged in sexually explicit conduct. We held that mistake of age could be an affirmative defense despite the fact that the statute does not make it one, because imposing criminal sanctions on the basis of strict liability in these circumstances would seriously chill protected speech. *Kantor,* 858 F.2d at 540. The same fear is not present in this case, and *Kantor* does not constrain *Brooks.*

■ Doe further contends that he has an equal protection right to present the mistake of age defense where he was deceived by the victim into believing that she was of age to consent on the footing that those accused of sexual contact with minors who are between the ages of twelve and sixteen can do so under 18 U.S.C. § 2243(c).[2] Because age is not a suspect classification under the Equal Protection Clause, *Massachusetts Bd. of Retirement v. Murgia,* 427 U.S. 307, 313, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the distinction is subject to rational basis review. We have not considered this question previously, but the Court of Appeals for the Tenth Circuit has. *See United States v. Ransom,* 942 F.2d 775 (10th Cir.1991). Ransom made the same challenge to the same statute, 18 U.S.C. § 2241(c). The court had no difficulty concluding that the distinction to which Ransom—and Doe—object is a permissible legislative choice, as it legitimately furthers the government's interest in protecting children from sexual abuse. We agree that Congress could rationally conclude that minors under the age of twelve need different, and greater, protec-

---

**2.** Section 2243 provides:

(a) Of a minor.-Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, knowingly engages in a sexual act with another person who-

(1) has attained the age of 12 years but has not attained the age of 16 years; and

(2) is at least four years younger than the person so engaging;

or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both.

. . .

(c) Defenses.—(1) In a prosecution under subsection (a) of this section, it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the other person had attained the age of 16 years.

tion from sexual abuse than those over the age of twelve.

AFFIRMED.