Filed 4/2/13  P. v. Serna CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODNEY SERNA,<br><br>    Defendant and Appellant. | C070258<br><br>(Super. Ct. No. SF116646A) |

A jury found defendant Rodney Serna guilty of violating Penal Code[1] section 288, subdivision (c)(1) (section 288(c)(1)) for committing lewd acts on a 15-year-old girl.[2]

---

[1]    All further section references are to the Penal Code.

[2]    Section 288(c)(1) provides in relevant part as follows:  "Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and that person is at least 10 years older than the child, is guilty of a public offense . . . ."  The referenced "act" and "intent" found in subdivision (a) are as follows:  "any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child . . . with the intent of arousing,

1

Based on five charges under section 288(c)(1), along with two additional charges not at issue here, the trial court sentenced defendant to five years in prison.

On appeal, defendant contends the judgment must be reversed because "[t]he trial court erred prejudicially by failing to give a mistake of fact instruction as to [the] age of the victim." We conclude that mistake of fact as to the age of the victim is not a defense to a section 288(c)(1) charge and, accordingly, the trial court's refusal to give such an instruction was not error. Therefore, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In February or March 2010, defendant and the victim, Bailey, began a romantic relationship. Defendant was 43 years old; Bailey was barely 15. Bailey, however, represented her age as 19 when she contacted defendant through an online Web site. In addition, Bailey told Stockton Police Officer Todd Valone that when she first met defendant, she showed him "a fake [identification card] that stated she was nineteen years old."

Bailey testified that until July 2010, she and defendant carried on a sexual relationship. Bailey also admitted that on multiple occasions defendant came to her house between midnight and 4:00 a.m. -- sometimes sneaking in through her bedroom window -- so that her father would not find out about the relationship.

In the spring of 2011, defendant was charged with five counts of committing a lewd act on a child in violation of section 288(c)(1). At trial, defendant's counsel requested a jury instruction on mistake of fact as to Bailey's age, arguing "there is substantial, uncontradicted evidence in the record that Mr. Serna did not know Bailey's true age when there was sexual contact" and that "[n]ot applying the [mistake of fact] defense here is a violation of this defendant's state and federal rights to a fair trial, due

_____

appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ."

2

process, and right to present a defense." The trial court disagreed. After recounting the reasoning laid out in *People v. Paz* (2000) 80 Cal.App.4th 293 (*Paz*), the court found that "at this point, absent an express statement by the [L]egislature to the contrary, mistake of [fact] is not a defense to a charge of lewd conduct in violation of 288 (c)(1)." The court instead instructed the jury with CALCRIM No. 1112, which required the jury to find defendant guilty if he touched Bailey or had Bailey touch him with "the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or [Bailey]." The instruction informed the jury that "It [wa]s not required that [defendant] intend[ed] to break the law, hurt someone else, or gain any advantage." In addition, the instruction told the jury "It [wa]s not a defense that [Bailey] may have consented to the act."

The jury found defendant guilty of all charged offenses, and the court sentenced him to five years in prison. Defendant timely appealed.

## DISCUSSION

Defendant contends it was prejudicial error for the court to refuse to instruct the jury that a reasonable, good faith mistake about the victim's age is a defense to a charge under section 288(c)(1). Furthermore, defendant argues that refusal to give the requested instruction on mistake of fact violated his federal due process rights. The People contend that refusing to give the requested instruction was not error because mistake of fact is not a defense to a section 288(c)(1) charge. We agree with the People.

We review jury instructions de novo to determine "whether the jury was fully and fairly instructed on the applicable law." (*People v. Partlow* (1978) 84 Cal.App.3d 540, 558.) In this case, the decision not to give a mistake of fact instruction was based on the trial court's understanding that section 288(c)(1) does not allow for a mistake of fact defense. The proper interpretation of a statute and its application to undisputed facts is a question of law (*Smith v. Rae-Venter Law Group* (2002) 29 Cal.4th 345, 357) and thus also subject to de novo review (e.g., *Pollak v. State Personnel Bd.* (2001) 88 Cal.App.4th

3

1394, 1404). Therefore, this court is not bound by the trial court's interpretation of section 288(c)(1) as forbidding a mistake of fact defense, but instead must make an independent judgment as to the proper statutory interpretation of section 288(c)(1). (See *Union Bank of California v. Superior Court* (2004) 115 Cal.App.4th 484, 488 ["The proper interpretation of statutory language is a question of law which this court reviews de novo, independent of the trial court's ruling or reasoning"].)

In this instance, statutory interpretation is necessary to resolve defendant's claim of error because the statute itself is silent on the issue of whether "mistake of fact" is a defense. (See *Waterman Convalescent Hospital, Inc. v. State Dept. of Health Services* (2002) 101 Cal.App.4th 1433, 1439 ["When a statute is silent on a point, the courts resort to statutory interpretation"].) "The cardinal rule governing statutory interpretation is to 'ascertain the legislative intent so as to effectuate the purpose of the law.' " (*Campbell v. Arco Marine, Inc.* (1996) 42 Cal.App.4th 1850, 1856.) Therefore, we will first analyze the legislative intent behind section 288(c)(1) to determine whether the Legislature intended to preclude a mistake of fact defense. Second, we will address whether our interpretation of section 288(c)(1) violates defendant's due process rights.

I

*Interpreting Section 288(c)(1)*

To aid our interpretation of section 288(c)(1), the People direct us to *Paz.* Directly on point, *Paz* provided an in-depth analysis of the history and legislative intent behind section 288(c)(1) and held that the Legislature intended to prohibit mistake of fact as a defense to a section 288(c)(1) charge. (*Paz, supra*, 80 Cal.App.4th at p. 301.) Defendant argues that *Paz* was wrongly decided and should not be followed. We disagree. We find *Paz*'s statutory interpretation of section 288(c)(1) to be accurate and compelling.

In dealing with the history behind section 288(c)(1), *Paz* referenced two pivotal cases that addressed legislative intent in the context of sexual crimes against minors: *People v. Hernandez* (1964) 61 Cal.2d 529 and *People v. Olsen* (1984) 36 Cal.3d 638.

4

Understanding both of these cases is helpful in understanding the statutory interpretation laid out in *Paz*.

In *Hernandez*, our Supreme Court analyzed the legislative intent behind section 261, which defined sex with a female under the age of 18 years as rape (commonly known as statutory rape). (*People v. Hernandez, supra*, 61 Cal.2d at pp. 529-530.) The issue in the case was whether "the trial court erred in refusing to permit [the] defendant to present evidence going to his guilt for the purpose of showing that he had in good faith a reasonable belief that the prosecutrix was 18 years or more of age." (*Id.* at p. 530.) The court interpreted the statute as allowing for a mistake of fact as to age defense because "the governing statute, by implication or otherwise, expresse[d] no legislative intent or policy to be served by imposing strict liability." (*Id.* at p. 533.) "The primordial concept of *mens rea*, . . . expresses the principle that it is not conduct alone but conduct accompanied by certain specific mental states which concerns, or should concern, the law." (*Id.* at p. 532.) California enshrined this concept in sections 20 and 26. Section 20 provides that in "every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence." Section 26 provides that a person who acts "under an ignorance or mistake of fact, which disproves any criminal intent" cannot commit a crime. Because the statutory rape statute at issue in *Hernandez* did not express any legislative intent to override sections 20 and 26, the court concluded that section 261 must be subject to a mistake of fact as to age defense.[3] (*Hernandez*, at pp. 535-536.)

----

[3]     California is in the minority in allowing a mistake of fact as to age defense for charges of statutory rape. (See Annot., Mistake or Lack of Information as to Victim's Age as Defense to Statutory Rape (1997) 46 A.L.R. 5th 499, § 2[a] ["The majority rule in the United States is that a defendant's knowledge of the age of a victim is not an essential element of statutory rape. . . . A defendant's good-faith or reasonable belief that the victim is over the age of consent is simply no defense"].)

Twenty years later, in *Olsen*, our Supreme Court held that a defendant's reasonable mistake as to the age of a victim is not a defense to a prosecution under section 288, *subdivision (a)*, which criminalizes the same act as section 288(c)(1) but applies when the victim is under 14 years old. (*People v. Olsen*, *supra*, 36 Cal.3d at pp. 640, 649.) In so holding, the court limited the reach of *Hernandez*. Distinguishing *Hernandez*, the *Olsen* court explained as follows: "There exists a strong public policy to protect children of tender years. . . . [S]ection 288 was enacted for that very purpose. [Citations.] Furthermore, even the *Hernandez* court recognized this important policy when it made clear that it did not contemplate applying the mistake of age defense in cases where the victim is of 'tender years.' " (*Olsen*, at p. 646.) The *Olsen* court also recognized that under the statutory rape statute at issue in *Hernandez*, "consent can be an element . . . , since a male may reasonably believe that a female is older than 18 and, therefore, can consent to an act of intercourse. [Citation.] 'On the other hand, [a] violation of section 288 does not involve consent of any sort, thereby placing the public policies underlying it and statutory rape on different footings.' " (*Olsen*, at p. 645.) *Olsen* cited a number of legislative provisions demonstrating that "[t]ime and again, the Legislature has recognized that persons under 14 years of age are in need of special protection. . . . By its very terms, section 288 furthers that goal." (*Olsen*, at pp. 647-648, fn. omitted.)

When *Olsen* was decided, section 288(c)(1) had not yet been enacted. (See *Paz*, *supra*, 80 Cal.App.4th at pp. 295-296 & fn. 8.) Thus, in *Paz*, the Fifth District Court of Appeal addressed, for the first time, whether the legislative intent behind subdivision *(c)(1)* of section 288 also prohibits mistake of fact as a defense.

The *Paz* court held that allowing a mistake of fact defense to section 288(c)(1) crimes "would undermine the purpose the Legislature sought to achieve by enacting

6

subdivision (c)[(1)]."**4** (*Paz, supra*, 80 Cal.App.4th at p. 295.) "Assembly Bill No. 3835, which added . . . subdivision (c) to section 288, . . . was offered to close a perceived loophole in the felony laws, with respect to 14- and 15-year-olds, between felonious lewd conduct with a child under 14 (§ 288, subd. (a)) and unlawful sexual intercourse with a child under 18 (§ 261.5)."**5** (*Paz*, at p. 296.) The law had previously created a gap as to 14 and 15 year olds such that if a lewd or lascivious act was performed on them, and sexual intercourse did not occur, the perpetrator could only be charged with a misdemeanor. (*Ibid.*) Section 288(c)(1) closed that loophole by providing a broader range of charging options for persons committing lewd acts on a 14 or 15 year old. (*Paz*, at p. 296; see also § 288(c)(1).)

While the bill was initially challenged because of a concern that it would lead to "the prosecution of a minor for sexual conduct short of intercourse between consenting teenagers[,]" that issue was later resolved by an "amendment to Assembly Bill No. 3835, which added the minimum 10-year age differential between victim and perpetrator now found in subdivision (c)(1). . . . [¶] . . . The inclusion of the decade age difference in the subdivision reflects a recognition that a 'sexually naive' [citation] child of 14 or 15 could fall victim to a more experienced adult, a vice the Legislature was attuned to and took action to prevent." (*Paz, supra*, 80 Cal.App.4th at pp. 296-297.)

*Paz* also pointed out that an additional amendment to Assembly Bill No. 3835 was contemplated that "would have punished the described conduct only if it occurred *without the consent* of the 14- or 15-year-old"; however, this language was removed before the bill was passed. (*Paz, supra*, 80 Cal.App.4th at p. 297.) *Paz* understood the Legislature's

---

**4**　　The provision that is now subdivision (c)(1) was originally enacted as subdivision (c) effective January 1, 1989; it became subdivision (c)(1) by a later amendment effective January 1, 1996. (*Paz, supra*, 80 Cal.App.4th at p. 296, fn. 8.)

**5**　　Unlawful sexual intercourse with a child under 18 and statutory rape are the same crime.

omission of the element of consent to indicate that "the Legislature did not intend the 'understanding' of the perpetrator to affect the application of the subdivision. [Citation.] In fact, the Legislature's prescription of a lower range of prison terms and alternate misdemeanor punishment for a violation of subdivision (c)(1) promotes the opposite conclusion. Subdivision (c)(1) permits the trial court to fashion a sentence consistent with the realities of the particular crime and discloses a legislative acknowledgement that some 14- and 15-year-olds may be more sexually sophisticated than others in those two age groups. This difference in the punishments indicates the Legislature had no intention of permitting defenses based upon the 'understanding' of the perpetrator to be raised against a subdivision (c)(1) charge; if in a particular case there exist extenuating circumstances, such as a mistake about the victim's age, the statute allows for consideration of the factor for sentencing purposes." (*Paz*, at pp. 297–298, fn. omitted.)

The structure of the statute also helps shed light on the legislative intent. (See *People v. Connor* (2004) 115 Cal.App.4th 669, 691 ["basic principles of statutory construction require us to interpret a statute *as a whole* so as to make sense of the entire statutory scheme and not to view isolated statutory language out of context"].) While "[b]oth subdivisions (a) and (c)(1) of section 288 are directed at protecting infants, children and those in their early teens from sexual exploitation by adults[,]" the structure of the statute "set[s] out a *hierarchy of victims*, from the most vulnerable--infants and children under subdivision (a)--to those perceived as less vulnerable--young teenagers under subdivision (c)(1). The age distinctions help define the gravity of, and the range of punishment for, the offense." (*Paz*, *supra*, 80 Cal.App.4th at p. 297, fn. omitted.) While this hierarchical structure creates an inverse relationship between the age of the victim and the severity of the punishment, it in no way indicates that the Legislature meant for the intent requirements of subdivisions (a) and (c)(1) to diverge. (See *Paz*, at p. 297.)

In addition, "the Legislature is deemed to know of existing laws when it enacts new statutes." (*Hill v. Newkirk* (1994) 26 Cal.App.4th 1047, 1055, fn. 7.) The *Paz* court

8

pointed out that "*Olsen*, *supra*, 36 Cal.3d 638 was in the books four years before . . . subdivision (c)[(1)] was enacted. We presume the Legislature was aware of the decision and its public policy rationale; the lack of any language in . . . subdivision (c)[(1)] concerning reasonable mistake of age is some evidence the Legislature did not want to forbid application of the *Olsen* rationale to this later subdivision, a part of the same statute dealt with in *Olsen*." (*Paz*, *supra*, 80 Cal.App.4th at p. 298.)

Had the Legislature intended to allow mistake of fact as a defense to a section 288(c)(1) charge, "it had a ready example of appropriate text in section 1203.066, subdivision (a)(3). This statute, enacted in 1981, provides in relevant part that probation may not be granted to persons convicted of violating section 288, subdivision (a) under certain circumstances 'unless the defendant honestly and reasonably believed that the victim was 14 years or older.' " (*Paz*, *supra*, 80 Cal.App.4th at p. 298.) The *Paz* court also observed that "the public policy rationale of *Olsen* for rejecting good faith mistake of age in section 288 cases involving victims under age 14 holds true for victims of ages 14 and 15 as well--'to protect children against harm from amoral and unscrupulous [adults] who prey on the innocent.' " (*Paz*, at p. 298.)

In addressing the applicability of *Hernandez*, *Paz* determined "[t]he facts underlying appellant's subdivision (c)(1) conviction do not raise the same concerns articulated by the court[] in . . . *Hernandez*" because " ' "the philosophy applying to violations of [section 288] is entirely different from that applying to [unlawful sexual intercourse]" ' " (*Paz*, *supra*, 80 Cal.App.4th at pp. 300-301, quoting *People v. Olsen*, *supra*, 36 Cal.3d at p. 645.) Going back to the issue of consent, *Paz* noted that even in *Hernandez*, the court "recognized that, whereas consent may be considered an element of [unlawful sexual intercourse], violation of section 288 does not involve consent of any kind." (*Paz*, at p. 301.)

With the foregoing understanding of *Paz* in mind, we turn back to defendant's arguments in this case. Defendant argues that *Paz* should not be followed because: (1) it

9

"focused solely on victim protection, failing to consider the issue of scienter"; (2) it improperly extended the rationale of *Olsen*; (3) it should be limited to its facts; and (4) "it did not consider whether federal due process was violated."[6] All of these arguments miss the mark, however, for the simple reason that they have no bearing on the persuasive statutory interpretation set forth in *Paz*, as explained above.

When interpreting a statute, the court must take into consideration " 'the manifest objectives of the legislation, which appear from the provisions considered as a whole, in light of the legislative history and public policy considerations.' " (*Masonite Corp. v. County of Mendocino Air Quality Management Dist.* (1996) 42 Cal.App.4th 436, 444.) In addition, " '[t]he statutory language "must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." ' " (*Id*. at p. 445.) As laid out above, the court in *Paz* properly considered such matters when interpreting section 288(c)(1).

---

[6] We disagree with defendant's contention that *Paz* should not be followed because the court did not address the constitutional issue of federal due process. While we acknowledge the "established principle of statutory construction that when two alternative interpretations are presented, one of which would be unconstitutional and the other constitutional, the court will choose that construction which will uphold the validity of the statute and will be constitutional" (*Kortum v. Alkire* (1977) 69 Cal.App.3d 325, 334), this principle does not apply to the case at hand. As will be discussed in part II of the Discussion, interpreting section 288(c)(1) to prohibit a mistake of fact defense does not create a federal due process violation. Because there is no federal due process violation, the *Paz* court was not in the above-described situation where it had to choose between an unconstitutional and a constitutional interpretation of the statute; thus, consideration of federal due process in general was unnecessary because it would not have impacted the outcome of the interpretation. (See *Antounian v. Louis Vuitton Malletier* (2010) 189 Cal.App.4th 438, 455 [Courts of Appeal "generally do not address issues whose resolution is unnecessary to the disposition of an appeal"].)

We also note that defendant fails to develop any arguments in his briefs as to why the omission of a federal due process discussion in *Paz* makes the case any less persuasive on the issue of statutory interpretation.

Regarding defendant's first attack on *Paz*, the court impliedly considered the issue of scienter when it concluded that mistake of fact is not a defense to a section 288(c)(1) charge. (*Paz, supra*, 80 Cal.App.4th at p. 301.) Black's Law Dictionary defines "scienter" as "[a] degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission . . . ." (Black's Law Dict. (9th ed. 2009) p. 1463, col. 2.) By concluding that mistake of fact as to the victim's age is not a defense to a section 288(c)(1) charge, the *Paz* court was, in effect, saying that no degree of knowledge as to the victim's age was necessary for a conviction under section 288(c)(1) and thus, lack of knowledge could not be used as a defense. (See *Paz*, at pp. 294, 301.) While it is true that consideration of victim protection played a significant role in the *Paz* court's determination of whether the Legislature intended mistake of fact to be a defense to a section 288(c)(1) charge, such considerations do not lessen the fact that the whole analysis of *Paz* is about whether scienter is a necessary element of a section 288(c)(1) charge.

To the extent that defendant's argument regarding scienter is based on the *Paz* court's omission of a discussion of the common notion that *mens rea* is a required element of most crimes, this argument is, to a significant extent, redundant of his claim that the court failed to address "whether federal due process was violated." Both claims are premised on the reasoning that a criminal intent requirement is the rule -- not the exception -- and therefore omitting a discussion of the rule and why the rule does not apply in this case makes the court's conclusion unjustified. We are not persuaded. The first rule of statutory interpretation is to give meaning to the intent of the Legislature in enacting the statute. (See *Campbell v. Arco Marine, Inc.*, *supra*, 42 Cal.App.4th at p. 1856.) As laid out above, the factors the *Paz* court *did* consider properly addressed the legislative history and intent behind section 288(c)(1) and considered, without explicitly saying so, whether scienter was a required element of the charge. The decision of the *Paz* court to omit a direct discussion as to the general principle that scienter is a required

11

element of most crimes does not change the persuasiveness of the court's statutory interpretation, an interpretation we find determinative.

Defendant's next claim, that *Paz* improperly extended the rationale of *Olsen*, is also without merit. The court in *Paz* properly justified extending the statutory interpretation laid out in *Olsen* regarding section 288(a) to the subsequently enacted section 288(c)(1). (*Paz*, *supra*, 80 Cal.App.4th at p. 298.) As detailed above, the Legislature is presumed to know the current state of the law when enacting statutes (see *Hill v. Newkirk*, *supra*, 26 Cal.App.4th at p. 1055, fn. 7) and *Olsen* was decided four years before section 288(c)(1) was enacted. (*Paz*, at p. 298.) Therefore, had the Legislature not intended the rationale in *Olsen* to apply to subsequently enacted subsections of the same statute, it easily could have included a provision so stating.

Finally, defendant's case cannot be distinguished from *Paz* based on factual differences. Because we find the statutory interpretation set forth in *Paz* to be determinative, any factual distinctions between this case and that case are irrelevant when considered against the bright line rule that the Legislature did not intend mistake of fact to be a defense to a section 288(c)(1) charge. Once the meaning of a statute has been determined, the rule of the statute does not change based on the facts of a case. (See *Clark v. Martinez* (2005) 543 U.S. 371, 386 [160 L.Ed.2d 734, 750] [warning against establishing "within our jurisprudence . . . the dangerous principle that judges can give the same statutory text different meanings in different cases"].)

Because we agree with *Paz* that mistake of fact is not a defense to a section 288(c)(1) charge, we conclude the trial court did not err in refusing to give such an instruction to the jury here. (See *In re Jennings* (2004) 34 Cal.4th 254, 277 ["As a general matter, . . . a mistake of fact defense is not available unless the mistake disproves an element of the offense"].)

12

II

*Defendant's Federal Due Process Rights Were Not Violated*

Defendant argues that the court's refusal to give a mistake of fact instruction to the jury makes section 288(c)(1) a strict liability offense[7] and therefore violates his federal due process rights. We disagree.

Defendant relies on *Holdridge v. United States* (8th Cir. 1960) 282 F.2d 302, 310 and contends that "strict criminal liability is constitutional only where the standard imposed is, 'under the circumstances, reasonable and adherence thereto properly expected of a person,' where the penalty is 'relatively small,' where conviction does not 'gravely besmirch,' where the statutory crime is not taken over from the common law,

---

[7] Black's Law Dictionary defines a "strict liability statute" as "[o]ne which imposes criminal sanction for an unlawful act without requiring a showing of criminal intent." (Black's Law Dict. (5th ed. 1979) p. 1275, col. 2.) The plain language of section 288(c)(1) *does* require a showing of criminal intent, specifically, "the intent described in . . . subdivision [(a)]." Subdivision (a) of the statute requires "the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of [the perpetrator] or the child [victim]." Thus, it is somewhat of a fallacy to call section 288(c)(1), as interpreted by this court, a strict liability statute when, on the contrary, it is clearly a specific intent crime. Nonetheless, this distinction makes little analytical difference because the intent described in subdivision (a) of section 288 is not a *criminal* intent except when the age of the victim is taken into account. In other words, it is not a crime for a person to engage in a lewd or lascivious act on another person with the intent of gratifying the lust of either person *if* the object of the act is an adult. What makes the act a crime, and the requisite intent criminal, *is* the age of the victim. Thus, even though section 288(c)(1) includes a specific intent element, if mistake of fact as to the age of the victim is taken out of the equation, it still seems *like* a strict liability offense because what would otherwise be a completely lawful intent is made criminal because of the age of the victim. Holding that there is no mistake of fact as to age defense to section 288(c)(1) means that the perpetrator can be held criminally liable even though he reasonably believed that the victim was an adult and thus had reason to believe that the intent with which he acted was entirely lawful. Keeping this in mind, the court will address defendant's argument as though section 288(c)(1) creates a strict liability offense, though in reality, we are aware section 288(c)(1) is a specific intent statute.

13

and where legislative purpose is supporting . . . ." Defendant's argument is ineffective. The *Holdridge* case on which he relies specifically noted "there is a class of criminal offenses, theretofore recognized and approved [by the United States Supreme Court], where motive or criminal intent is not a factor in the crime." (*Id.* at p. 309.) A sexual offense against a minor is one such exception. (See *U.S. v. Brooks* (9th Cir. 1988) 841 F.2d 268, 269.)

Holdridge cited *Morissette v. United States* (1951) 342 U.S. 246 [96 L.Ed. 288] as an example of the United States Supreme Court's determination of whether intent is a required element of a crime if the statute is silent on the issue. (*Holdridge v. United States*, *supra*, 282 F.2d at p. 309.) In *Morissette*, the United States Supreme "Court indulged in a revealing historical approach and observed that at the common law intent, with few exceptions, was a necessary element in crime." (*Holdridge*, at p. 309.) Detrimental to defendant's argument here is that one of the "few exceptions" noted in *Morissette* where the common law developed without a corresponding criminal intent requirement was "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached [the] age of consent." (*Morissette*, at p. 251, fn. 8 [96 L.Ed. at p. 294].) In addressing the continuing constitutionality of this practice, " '[t]he Supreme Court has never held that an honest mistake as to the age of the [victim] is a constitutional defense . . . and nothing in the Court's recent decisions . . . suggests that a state may no longer place the risk of mistake as to the [victim]'s age on the person engaging in sexual intercourse with a partner who may be young enough to fall within the protection of the statute.' " (*U.S. v. Brooks*, *supra*, 841 F.2d at p. 270.)

Defendant relies on *United States v. X-Citement Video, Inc.* (1994) 513 U.S. 64 [130 L.Ed.2d 372] as an example of the United States Supreme Court necessitating an intent requirement under the Protection of Children Against Sexual Exploitation Act, which makes interstate shipment of child pornography a criminal offense. In *X-Citement*

14

*Video*, the defendant, who was charged and convicted under the act, claimed the act was facially unconstitutional because it lacked an intent requirement. (*X-Citement Video, Inc.*, at p. 66 [130 L.Ed.2d at p. 377].) The Ninth Circuit agreed and reversed the defendant's conviction. (*Ibid.*) The Supreme Court granted certiorari and reinstated the defendant's conviction because "the Act [can] properly [be] read to include such a requirement." (*Ibid.*) The Supreme Court's decision was based on its interpretation that the beginning language of the act, which included a "knowingly" requirement, could properly be understood to mean the defendant must know someone in the pornographic materials was under the age of 18 in order to be guilty of the crime. (*Id.* at pp. 65-78 [130 L.Ed.2d at pp. 377-385].) The Supreme Court found this interpretation reasonable even though the "minority of the performers" requirement is "set forth in independent clauses separated by interruptive punctuation" from the "knowingly" requirement. (*Id.* at p. 68 [130 L.Ed.2d at p. 379]; see also 18 U.S.C. § 2252.) Implicit in the Supreme Court's analysis is that, without a *mens rea* requirement, the act would be facially unconstitutional.

   *X-Citement Video* is easily distinguishable from defendant's case. In *X-Citement Video*, the Supreme Court acknowledged the exception to the *mens rea* requirement observed in *Morissette* regarding " 'sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent.' " (*United States v. X-Citement Video*, *supra*, 513 U.S. at p. 72, fn. 2 [130 L.Ed.2d at p. 381] quoting *Morissette v. United States*, *supra*, 342 U.S. at p. 251, fn. 8 [96 L.Ed. at p. 294].) The Supreme Court thus recognized that some sexual offenses against minors can be prosecuted without a *mens rea* requirement. (See *X-Citement Video*, at p. 76, fn. 5 [130 L.Ed.2d at p. 384].) The Supreme Court specifically noted that *producers* of child pornography "may be convicted . . . without proof they had knowledge of [the victim's] age" which "reflects the reality that producers are more conveniently able to ascertain the age of performers." (*Ibid.*) On the other hand, "[t]he

15

opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver." (*Id.* at p. 72, fn 2 [130 L.Ed.2d at p. 381].) "It thus makes sense to impose the risk of error on *producers*" (*id.* at p. 76, fn. 5 [130 L.Ed.2d at p. 384] italics added) of child pornography and not on the distributors or receivers (see *id.* at pp. 72, fn 2, 76, fn. 5 [130 L.Ed.2d at pp. 381, 384]).

Unlike the defendant at issue in *X-Citement Video*, who was never in contact with the underage victim and who thus could not inquire or confront the underage victim about her age, defendant here had opportunities to learn of Bailey's real age. Defendant's situation is much more analogous to the producers of child pornography discussed by the Supreme Court in *X-Citement Video*, who the court said *could* be held criminally liable without proof of knowledge of age. (*United States v. X-Citement Video*, *supra*, 513 U.S. at p. 76, fn. 5 [130 L.Ed.2d at p. 384].) Thus, while *X-Citement Video* does stand for the proposition that some statutes may be unconstitutional if they do not include a *mens rea* requirement, it also reaffirms the fact that, in regard to certain sexual offenses against minors, the *mens rea* requirement is not a constitutional mandate.

Far from finding strict liability in such cases to be unconstitutional, the Ninth Circuit has held that a sexual offense against a minor "is a recognized judicial exception to the general principle that mistake of fact is a defense if it 'negatives the existence of a mental state essential to the crime charged.' " (*U.S. v. Brooks*, *supra*, 841 F.2d at p. 269.) In fact, in the context of sexual offenses against minors, it has been noted that "[t]he effect of *mens rea* and mistake on state criminal law has generally been left to the discretion of the states." (*Nelson v. Moriarty* (1st Cir. 1973) 484 F.2d 1034, 1035.) " '[The *mens rea* principle] is just that--a general principle, not always a constitutionally mandated doctrine.' " (*U.S. v. Brooks*, at p. 270.) Therefore, defendant's due process rights were not violated by prohibiting a mistake of fact as to age defense against his 288(c)(1) charges.

16

DISPOSITION

The judgment is affirmed.


     ROBIE     , Acting P. J.


We concur:


     MAURO     , J.


     DUARTE     , J.

17