**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40354**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 370 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: February 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| GARY DEAN BLANKENSHIP, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Order denying motion to file second amended information and granting motion to dismiss amended information, <u>affirmed</u>.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Bryce W. Powell of Powell & Reed, P.C., Sandpoint, for respondent.
_____

GUTIERREZ, Chief Judge

The State appeals from the district court's order denying the State's motion to file a second amended information charging Gary Dean Blankenship with forcible rape and granting Blankenship's motion to dismiss the amended information charging him with statutory rape. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2012, Blankenship's approximately thirty-year-old stepdaughter alleged that for a number of years, beginning when she was seven years old, Blankenship sexually abused her. The abuse culminated, she contended, with Blankenship raping her in the spring of 1997, when she was sixteen years old. In March 2012, the State filed a criminal complaint charging Blankenship with two counts of lewd conduct with a minor under sixteen years of age, Idaho Code § 18-1508, alleged to have occurred between 1988 and 1996. Realizing that prosecution

1

under section 18-1508 was barred by the applicable statute of limitation, the State filed an amended criminal complaint in May 2012, at the time of the preliminary hearing, alleging a single count of rape in violation of Idaho Code § 18-6101. The amended complaint alleged Blankenship committed "Rape, a Felony, Idaho Code § 18-6101" as follows:

> The Defendant, Gary Dean Blankenship, on or about Spring 1997, in the County of Bonner, State of Idaho, did penetrate the vaginal opening of [the victim], a female person, with his penis and where [the victim] was under the age of Eighteen (18) years, to-wit; of the age of Fifteen (15) or Sixteen (16) years old, and where Defendant at the time of the commission of the act was approximately Thirty-four (34) years of age.

Following a preliminary hearing, the magistrate found probable cause to believe Blankenship had committed the crime of statutory rape and bound him over on the charge.

The State filed an information and, subsequently, an amended information, charging Blankenship with statutory rape and using the same charging language contained in the amended complaint. The amended information merely corrected typographical errors. Blankenship filed a motion to dismiss the amended information, asserting the prosecution was barred by the applicable statute of limitation. Specifically, he pointed out that because the amended information alleged rape on the theory that the victim was under the age of eighteen, the five-year limitation period to bringing a statutory rape charge applied and barred prosecution of Blankenship for this crime.[1] The State opposed Blankenship's motion to dismiss and filed a motion to amend the information for a second time, "to more specifically allege facts constituting the alleged crime for which the Defendant has been charged." At the hearing on Blankenship's motion to dismiss, during which the State first indicated it would file a motion to amend, the State expressed it was seeking to amend the information to allege facts constituting forcible rape, a charge the State asserted was supported by the evidence presented at the preliminary hearing and was not barred by the statute of limitation.[2]

---

[1]    Idaho Code § 19-402, as it existed at the time of the alleged offense and as it exists now, dictates that a prosecution for statutory rape must be commenced within five years after the commission of the offense. That time period had clearly run in this case given that charges were not filed until 2012, approximately fifteen years after the alleged offense occurred.

[2]    At the time the alleged offense occurred, the five-year time limitation in Idaho Code § 19-402 would have been applicable to the charge. However, in 2001, the legislature amended the statutory scheme to remove any time limit for filing charges of rape pursuant to several

2

In a written memorandum decision and order, the district court denied the State's motion to amend the information and granted Blankenship's motion to dismiss. In regard to the motion to amend, the district court determined, among other grounds, that allowing the proposed second amendment would prejudice Blankenship's substantial rights. In granting the motion to dismiss, the district court found that because the rape was charged under the theory that the victim was "under the age of Eighteen (18) years," the charge was barred by the five-year limitation period applicable to statutory rape. Accordingly, the court dismissed the case without prejudice and stated, "[I]f the prosecution concludes there are sufficient facts to charge Mr. Blankenship with Forcible Rape, it can pursue this new charge in accordance with the requirements of constitutional due process." The State now appeals.[3]

## II.

## ANALYSIS

The State contends the district court applied an incorrect legal standard and, therefore, abused its discretion in dismissing the information rather than allowing the State to amend it. Specifically, the State argues the district court erred by denying the motion to amend on the basis that allowing the State to amend would prejudice Blankenship because he was not able to

---

subsections of the rape statute, Idaho Code § 18-6101. 2001 Idaho Sess. Laws, ch. 142, §§ 1, 2. Pursuant to the amendments of Idaho Code §§ 19-401 and 19-402, charges of forcible rape were no longer subject to a statute of limitation, while charges of statutory rape continued to be. 2001 Idaho Sess. Laws, ch. 142, §§ 1, 2.

Although the statutes were amended after the alleged acts in this case occurred, the removal of a statute of limitation for charges of forcible rape would still be applicable here. In *State v. O'Neill*, 118 Idaho 244, 247, 796 P.2d 121, 124 (1990), our Supreme Court held that where a statute of limitation in effect at the time of the commission of the alleged criminal acts had not run, any subsequent extension of time enacted by the legislature did not comprise an ex post facto law and therefore the extended time period could be applied. Here, the five-year limitation applicable to forcible rape at the time of the alleged act (1997) would not have run by the time the new statute of limitation was passed in 2001. Thus, any charge of forcible rape against Blankenship for acts stemming from the 1997 incident would no longer be barred by a statute of limitation.

[3]     The record does not indicate why, instead of filing a new charge of forcible rape, the State chose to pursue an appeal.

cross-examine the State's witnesses at the preliminary hearing on the new charge of forcible rape.[4]

The authority of the trial court to permit amendment of an information is set forth in Idaho Code § 19-1420, which provides:

> An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time before the defendant pleads, and at any time thereafter, *in the discretion of the court*, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer.

(Emphasis added). *See also* Idaho Criminal Rule 7(e) ("The court *may* permit a complaint, an information or indictment to be amended at any time before the prosecution rests if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." (Emphasis added)). As indicated by this authority, the decision to allow the State to amend an information is a matter within the discretion of the trial court. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009); *State v. LaMere*, 103 Idaho 839, 841-42, 655 P.2d 46, 48-49 (1982); *State v. Tribe*, 126 Idaho 610, 611-12, 888 P.2d 389, 390-91 (Ct. App. 1994). In exercising this discretion, the trial court must be sure that no substantial rights of the defendant are prejudiced. *LaMere*, 103 Idaho at 842, 655 P.2d at 49; *Tribe*, 126 Idaho at 612, 888 P.2d at 391. The defendant bears the burden of showing prejudice resulting from the amendment. *Tribe*, 126 Idaho at 612, 888 P.2d at 391; *State v. Banks*, 113 Idaho 54, 57, 740 P.2d 1039, 1042 (Ct. App. 1987). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

---

[4] Both the State and Blankenship set forth additional grounds on which to reverse or affirm, respectively, the district court's order; however, given our resolution of the issue, we need not reach these arguments.

4

Here, the district court recognized the issue was one of discretion, explicitly recognized the applicable legal authority,[5] and determined by an exercise of reason that, based on the circumstances, allowing an amendment would prejudice Blankenship. *See Hedger*, 115 Idaho at 600, 768 P.2d at 1333. As to the latter consideration, the court correctly noted that statutory rape and forcible rape are comprised of disparate elements and, thus, Blankenship was not put on notice by the information that the issues of "resistance" and "force or violence" would be presented. This failure of notice, the court reasoned, precluded Blankenship from cross-examining the State's witnesses on these elements at the preliminary hearing (and thus developing his defense). We cannot say the district court abused its discretion in coming to this conclusion. Accordingly, the district court's order denying the State's motion to file a second amended information and granting Blankenship's motion to dismiss the amended information is affirmed.[6]

Judge LANSING and Judge GRATTON **CONCUR.**

---

[5] Specifically, in its memorandum decision and order, the district court excerpted an extensive passage of *State v. Severson*, 147 Idaho 694, 708-09, 215 P.3d 414, 428-29 (2009), which sets forth the considerations applicable to such a determination.

[6] The State does not contest on appeal that the statutory rape charge was barred by the statute of limitation and, therefore, does not contest the grant of Blankenship's motion to dismiss the amended information.